## COWLEY *v.* McGREGOR.

TAXATION—REDEMPTION—SPECIFIC PERFORMANCE OF ORAL PROMISE.

In consideration that a corporation should locate and construct a mill on certain property, complainant's father orally agreed to deed to the concern a lot owned by him. The mill was constructed, and a shop used in connection with the business was built on the lot, of which no deed was made by the owner to said corporation. Subsequently it purchased a tax interest for taxes of 1888 on the property and gave notice to complainant and other heirs of the father to redeem. On a bill against purchasers of the corporate business and assets to enforce the right of redemption, *held* that a decree should be entered for defendants, as prayed, dismissing the bill, since the court would, if all the persons in interest were before it, require the specific enforcement of the agreement to convey.

Appeal from Alcona; Connine, J. Submitted October 18, 1910. ( Docket No. 81.) Decided December 7, 1910.

Bill by Frank G. Cowley against John McGregor and William H. Gillespie, copartners as the Harrisville Milling Company, to redeem lands from a tax purchase. From a decree for complainant, defendants appeal. Reversed and bill dismissed.

*Ward B. Connine*, for complainant.

*J. H. Cobb* (*O. H. Smith*, of counsel), for defendants.

MOORE, J. Omitting the formal parts of the bill of complaint, it is averred that May 5, 1890, Bernard P. Cowley, the father of complainant, was the purchaser from the State for the taxes, assessed in the years 1880 to 1887 inclusive, and other years, on lot No. 13 of the Cowley and Roberts addition to the village of Harrisville. It further avers that the auditor general issued State tax deeds because of said purchase; that on the 20th of May, 1890, said deeds were duly recorded. The bill further avers that on May 26, 1904, the Harrisville Milling Company obtained a tax deed on said lands for the taxes of 1888.

"That on or about the 31st day of May, 1907, the said defendants caused to be served on your orator and upon Lillian C. Monroe Cowely, and upon Marie C. Schreiber Cowely, who are the legal heirs at law of the said Bernard P. Cowely, a notice of reconveyance, a copy of which is hereby annexed as Exhibit A and made part of this bill of complaint. That the said notice purports to be that required by Act No. 229 of the laws of Michigan for the year 1897, as amended. * * * That at the time of the said service of the said notice the last grantee in the regular chain of title to the said land was one Mary Ballentine. That her whereabouts could not be ascertained, and that due service upon her was made by publication. * * * That by reason of the aforesaid tax deeds executed and delivered to the said Bernard P. Cowley, and by reason of his subsequent death, and by reason of the fact that your

orator is one of the heirs of the said Bernard P. Cowley, and by reason of the service of the said notice of reconveyance upon your orator, and by reason of the laws of this State applicable thereto, your orator became and is invested with the right and power to redeem said described lands from the tax titles so held by said defendants."

There are many other averments in the bill of complaint which it is not necessary to recite here, further than to say that the bill is filed for the purpose of allowing complainant to redeem. It is stated in the brief, and was stated by counsel on the oral argument, that it is sought to redeem only from the taxes of 1888. The defendants answered, denying nearly all of the material averments in the bill of complaint, and also filed an answer in the nature of a cross-bill in which are contained the following averments:

"These defendants, further answering said bill of complaint, claim the benefit of a cross-bill and set up the following facts in relation thereto: They say they obtained a tax deed for the taxes assessed against said lands for the year 1888, as readvertised and sold. That said tax deed is absolutely valid and gave them the absolute title to said land in connection with the proceeding therein taken by them. * * * These defendants further state in their said cross-bill, and charge the same to be true, that the Harrisville Roller Mill Company, a corporation under the laws of the State of Michigan, built a flour mill upon a portion of this land and the adjoining lot and occupied it for a number of years. That afterwards these defendants obtained the title of said flour mill to said property through a foreclosure proceeding of a mortgage given by said flour mill company to Mrs. Joseph Comstock, but no deed was given to the lot herein described. Defendants further answering said bill say there is a building on said lot known as a cooper shop. That since they obtained title to the mill property they have been in possession of said lot herein described, by occupying the cooper shop and piling wood upon the lot and using it in every way in connection with said mill. That said complainant has never been in peaceable possession of the lot. * * * Defendants further show under their cross-bill that said Bernard C. Cowley, in order to induce the Harrisville Roller Mill Company to locate its mill on its present site, agreed to deed the land herein described to said Harris-

ville Roller Mill Company, and said agreement, as your orator states, on information and belief, was carried out, and any interest that said Bernard P. Cowley has in said property belongs to and is the property of the Harrisville Roller Mill Company. Defendants, further answering said bill of complaint, state that said complainant is attempting to use this court of chancery for the purpose of enjoining them from the peaceable possession and enjoyment of the property, the title of which is in them. And they herein and hereby pray that this court will decree that said complainant has no title whatever to said land, and that these defendants are the owners thereof under their said tax proceeding, and that they may have such other and further relief in the premises under their cross-bill as they are equitably entitled to and to this court seems meet, and defendants will ever pray."

A replication was filed to the cross-bill. A hearing was had and a decree granted, allowing complainant to redeem from the taxes of 1888. The case is brought here by appeal.

A great many interesting questions are presented, but in our view of the case it is not necessary to discuss them. It will be remembered that Bernard P. Cowley purchased from the State May 5, 1890. He died intestate, according to the testimony of complainant, October 19, 1900, leaving four heirs, one of which is the complainant.

The record shows that in the spring of 1890 a company was organized, known as the Harrisville Roller Mill Company. Upon the records of that company appears the following:

"First meeting of stockholders. Pursuant to call, the first meeting of the stockholders of the Harrisville Roller Mill Company was held at the office of George Rutson, in the village of Harrisville, on Wednesday, the 14th day of May, A. D. 1890. All stock subscribed was represented at this meeting, either by the stockholders in person or by proxy. On motion, Joseph Van Buskirk was elected chairman of the meeting and George Rutson secretary. The meeting then proceeded to the election of directors by ballot and the following persons, having received the greater number of votes, were declared duly elected, viz.: Joseph Van Buskirk, George W. Colwell, R. S. Lott, B.

P. Cowley, D. W. Mitchell, Lew A. Colwell, George Rutson. The question of determining on a millsite was considered and discussed by the meeting, and, on vote of stockholders by ballot being taken, it was decided by such vote to accept the offer of Charles Martin and B. P. Cowley, of two lots on Lake street, in the village of Harrisville, one known as the Martin lot and the other as the Ballentine lot. Mr. Cowley offered to quitclaim the Ballentine lot and Charles Martin to convey by warranty deed for a consideration of $300 the said Martin lot."

It appears beyond question that the lot spoken of as the Ballentine lot is the lot involved in this controversy. The following also appears in the records of the Harrisville Roller Mill Company:

"At a special meeting of the Harrisville Roller Mill Company, held at the rooms over the post office, on Monday, June 15, 1891. Present, J. Van Buskirk, president; John W. Cowley, vice president; B. P. Cowley, treasurer; D. M. McGregor, secretary; James Anderson, Dr. D. W. Mitchell, Robert Reed, and Robert Dobson. The committee appointed June 1st. viz.: Joseph Van Buskirk, B. P. Cowley and George E. Colwell, reported: That an elevator was a necessity in connection with the mill; it could be built at the south end of the mill, and the size should be 32 by 34, to contain nine bins, to be built on a stone foundation, as the mill is now, the height to be the same as the mill, and the general work conform to the plan sent up by Noyes & Son of Buffalo. The cost would probably be about $2,000; also the engine room should have a fire wall across the entire end adjoining the mill to conform to the wishes of the insurance companies. Moved and seconded that each stockholder be assessed 20 per cent. of the original stock to provide sufficient funds for the improvements reported by the committee, and that the secretary notify each member to pay the assessment to the treasurer within 30 days, and that certificates of stock be issued to each stockholder for the assessment paid. Moved and seconded we now adjourn. D. M. McGregor, secretary."

While some of the details are lacking because of the lapse of time and death of many of the parties, it is convincingly shown by the record that following the first

meeting of the stockholders, held May 14, 1890, there was erected on the millsite mentioned therein a large mill, and that following the special meeting of 1891 the elevator mentioned therein was erected. It is not clear as to what part of the mill or of the elevator was upon lot 13, but it is clear they were both on what was designated in the record of May 14, 1890, as a millsite. Later a cooper shop, used in connection with the mill, was erected on lot 13, and it was also used for piling large quantities of wood purchased during the winters to be used as fuel in the mill, all the year round, and also as a means of access to the mill over a roadway thereon. The record is also clear that lot 13 was used continually from the time of the erection of the mill in 1890 by the owners of the mill in connection with its operation, until shortly before the commencement of this suit, when complainant undertook to take possession. It does not appear that the father of complainant ever in fact made the quitclaim deed referred to, but it does appear that if he did not it would be his duty, upon request, if now living, to do so. See the many cases cited in the notes to section 9513, 3 Comp. Laws.

If Bernard P. Cowley was before the court, or if all his heirs at law were, we should not hesitate, upon this record, under the general prayer for relief in defendants' cross-bill, to make a decree settling the title in favor of defendants as against Bernard P. Cowley and his heirs at law, so far as said claim was based upon the tax purchase of Mr. Cowley, made May 14, 1890. The least we ought to do is to say that said tax purchase should not be allowed to be the basis of a decree which allows complainant, an heir at law of said Cowley, to create a cloud upon defendants' title, and which may subject them to further litigation.

The decree is reversed, and the bill of complaint is dismissed, with costs of both courts.

HOOKER, MCALVAY, BROOKE, and BLAIR, JJ., concurred.